IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEN WEINGARD,           )
                        )
        Plaintiff,      )
                        )
    v.                  )   No. 14 C 9524
                        )
UNIFUND CCR, LLC,       )
                        )
        Defendants.     )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Unifund CCR, LLC's (Unifund) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Ken Weingard (Weingard) alleges that on February 7, 2014, Unifund filed a citation to discover his assets in a collection action pending in the Circuit Court of Cook County, Illinois (Citation Action). On February 20, 2014, Weingard filed a Chapter Seven Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Illinois (Bankruptcy Action). On May 21, 2014, Weingard was discharged from the Bankruptcy Action.

On November 26, 2014, Weingard filed the instant Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* action against Unifund. Specifically, in the one-count complaint, Weingard alleges that Unifund violated the FDCPA by filing the Citation Action in an improper venue in Cook County, Illinois. Unifund now moves to dismiss the FDCPA claim.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I.  Exhibits

The court has considered certain exhibits filed by Weingard and Unifund. (Ex. A, B, I, II, III, IV).  Generally, a court "may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013).  However, Federal Rule of Procedure 10(c) permits certain documents attached to Rule 12(b)(6) motions to dismiss to be considered.  *Id.*  Such documents "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006)(internal quotations omitted)(quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)).

Weingard has attached two exhibits to his complaint taken from the public record, specifically a copy of the Collection Action court docket sheet (Exhibit A) and a copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses (Exhibit B).  (Compl. Ex. A, B).  Unifund has also attached four exhibits to its motion to dismiss taken from the public record, specifically a copy of Weingard's complaint (Exhibit I), a copy of the Bankruptcy Action Petition (Exhibit II), a copy of the Bankruptcy Action Schedule B (Exhibit III), and a copy of the Bankruptcy Action court docket sheet (Exhibit IV).  (Mot. Ex. I, II, III, IV).

Weingard's exhibits and Unifund's exhibits are all central to determining whether Weingard may file his FDCPA claim in federal court. *McCready*, 453 F.3d at 891; *Trinity Indus., Inc.*, 300 F.3d at 735. Therefore, the court can consider all of the exhibits for purposes of adjudicating the instant motion to dismiss without converting the motion into a motion for summary judgment. (Ex. A, B, I, II, III, IV).

II. Judicial Estoppel

A discharged bankruptcy debtor cannot subsequently litigate pre-bankruptcy claims. *See Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 358-59 (7th Cir. 2015)(stating "a debtor is judicially estopped from litigating after the bankruptcy ends"). Unifund argues that Weingard is judicially estopped from pursuing his FDCPA claim because it involves conduct that occurred prior to the Bankruptcy Action and therefore belongs to the Bankruptcy Action trustee. (Mot. 1-6). Weingard indicates that he was acting in good faith when he filed his Bankruptcy Action on February 20, 2014 and contends that he was not aware of the FDCPA claim at that time. (Resp. 3-6). Weingard specifically alleges that he did not become aware of his FDCPA claim until after *Suesz v. Med-1Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) was decided by the Seventh Circuit on July 2, 2014. (Resp. 1-6). Weingard argues that his FDCPA claim is based upon the holding in *Suesz* that retroactively allows debtors to bring FDCPA claims against debt collectors who file actions in improper venues. *Id.* at 646-50; (Resp. 1-6).

4

Whether Weingard was aware of his instant FDCPA claim before or after he was discharged from the Bankruptcy Action does not refute that the alleged conduct set forth in the claim occurred before the Bankruptcy Action was filed on February 20, 2014. (Ex. A, B). Since the claim is pre-bankruptcy, the claim belongs to the Bankruptcy Action trustee and Weingard, as the debtor, is judicially estopped from subsequently pursuing the claim himself. *See Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006)(stating that "the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims"); *see also Metrou*, 781 F.3d at 359-60 (stating that "a debtor who errs in good faith, and tries to set things right by surrendering the asset to the [t]rustee, remains entitled to any surplus after creditors have been paid, just as would have occurred had the claim been disclosed on the bankruptcy schedules"). Since Weingard is judially estopped from pursuing his instant FDCPA claim, the motion to dismiss is granted.

## CONCLUSION

Based upon the foregoing analysis, the motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 6, 2015

5